[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10838
_____

D.C. 5:10-cv-00583-WTH-TBS

USA, ex rel., STATE OF FLORIDA, ex rel.,

Plaintiffs,

CHARLES ORTOLANO,

Plaintiff-Appellant,

versus

AMIN RADIOLOGY, d.b.a. Citrus
Diagnostic Center, d.b.a. Dunnellon Open MRI,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 3, 2016)

Before WILLIAM PRYOR, ANDERSON and PARKER,* Circuit Judges.

_____
*Honorable Barrington D. Parker, Jr., United States Circuit Judge for the Second Circuit, sitting by designation.

PER CURIAM:

After oral argument, and careful review of the briefs and record, we conclude that the judgment of the district court should be affirmed.  The particular arguments of plaintiff-appellant on appeal are not persuasive for the reasons fully explored at oral argument.

We agree with the district court that the only claim that appellant has preserved for appeal relates to the defendant's use of general radiographers for a partial role in the procedure, rather than using licensed nuclear medicine technologists for every aspect of the procedure.  Appellant has expressly disavowed any reliance on an implied certification theory; thus, any claim based on that theory is deemed abandoned.

We also reject appellant's arguments based upon the factually false theory. The claims that defendant submitted to the government agencies for payment were simply not factually false, because there was no representation, either express or implied, that the services had been performed exclusively by licensed nuclear medicine technologists.  Moreover, even if Florida requires every aspect of the procedure to be handled by licensed nuclear medicine technologists (which we assume arguendo, but expressly do not decide), such requirement is not a prerequisite for "reasonable and necessary" status, and thus not a prerequisite for

reimbursability.[1]  Accordingly, the submission of defendant's claims made no representation with respect to licensure, and the claims were not false.

The judgment of the district court is

AFFIRMED.

---

[1]    Although 42 C.F.R. §410.32(b) does make "the appropriate level of supervision by a physician" a prerequisite for reasonable and necessary status, we agree with the district court that, especially in light of 42 C.F.R. §410.33, §410.32 does not require licensure.  Similarly, although the Medicare Program Integrity Manual may impose as a prerequisite that the service be provided by "qualified personnel," especially in light of the strong indication from 42 C.F.R. §§410.32 and 410.33 that no license is required, we decline appellant's invitation to import Florida's licensing provisions into the definition of "qualified."